# 97 DTA 94

**TRIBUNAL DE CIRCUITO DE APELACIONES
CIRCUITO REGIONAL DE SAN JUAN
PANEL II**

IVETTE MONTAÑEZ RIVERA
Apelante-Recurrente

v.

POLICIA DE PUERTO RICO
Apelada-Recurrida

Núm. KLRA-96-00368

RECEIVED

AUG 07 1997

SERIALS DEPARTMENT
HARVARD LAW SCHOOL LIBRARY

San Juan, Puerto Rico, a 22 de abril de 1997

Panel integrado por su presidenta, Juez Alfonso de Cumpiano
y los Jueces Giménez Muñoz y Miranda De Hostos

Miranda De Hostos, Juez Ponente

Se recurre de una resolución de la Junta de Apelaciones del Sistema de Administración de Personal (JASAP) que sostuvo una decisión de la parte recurrida Policía de Puerto Rico (Policía) de rechazar la solicitud de examen para un puesto de guardia cadete de la parte recurrente Ivette Montañez Rivera, por no aprobar la investigación confidencial efectuada.

Inconforme, la recurrente acude ante nos mediante recurso de revisión judicial donde señala que incidió JASAP al utilizar como base o fundamento para la toma de su decisión el informe confidencial de la Policía, negándole así el debido proceso de ley pues no se le permitió examinarlo.

Evaluada la petición y su oposición, se expide el auto de revisión judicial solicitado y se revoca la decisión de JASAP por los siguientes fundamentos.

## I

La recurrente solicitó ser considerada para un puesto de cadete en la Policía y tal solicitud fue evaluada de conformidad a las normas establecidas por el Reglamento de la Policía. Posteriormente se le informó a la recurrente que no reunió los requisitos para el puesto que solicitó porque no aprobó la investigación confidencial efectuada por dicha instrumentalidad. Sometida una reconsideración de la acción tomada, la Policía reiteró su determinación inicial señalando que la investigación realizada por la Policía había tenido un resultado desfavorable.

Instada una apelación ante JASAP, la recurrente adujo desconocer las razones por las cuales se tomó esa determinación; además, que la Policía no le brindó la oportunidad de examinar el informe confidencial para poder corregir cualquier información incorrecta o suplir datos adicionales al mismo. La Policía, por su parte, sostuvo que exponer las razones para rechazar la solicitud de la recurrente equivalía a divulgar información confidencial que surgía de la investigación realizada en la comunidad. Añadió que divulgar la información podría traer consecuencias serias sobre la vida privada y la seguridad de terceras personas, pues son éstas las que informan sobre el carácter y reputación de un candidato a cadete de la Policía.

Escuchados los planteamientos de ambas partes, JASAP optó por no intervenir con la decisión tomada por la Policía por lo cual se sostuvo la misma y de tal determinación se solicita revisión judicial.

## II

A la luz de los hechos antes esbozados analicemos el derecho aplicable a la controversia presentada.

El Reglamento de Personal de la Policía en su parte pertinente dispone, que *"[a] todo candidato a ingreso se le practicará una investigación minuciosa sobre su carácter, reputación, hábitos, conducta de la comunidad y otros aspectos similares. El expediente de la investigación practicada, así como la información contenida en el mismo estará clasificada en la categoría de confidencial"*. Art. 12, sec. 12.2, (6). Si la solicitud es rechazada, el Reglamento prescribe que se le informará la causa del rechazo y se le informará de su derecho a apelar de tal determinación, ante JASAP. Art. 12, sec. 12.4 (3).

Estas normas descansan en la clara política pública de la Ley de Personal del Servicio Público, relativo al principio de mérito en la selección de empleados para trabajar en el gobierno. Sec. 2.1, Ley Núm. 5 de 14 de octubre de 1975, 3 L.P.R.A. sec. 1311(1). Sobre este particular, dicho estatuto expresa que un ciudadano podrá apelar ante JASAP cuando alegue que la decisión de la agencia viola su derecho a entrar al servicio público. Sec. 7.14(3), *supra*, 3 L.P.R.A. sec. 1394(3); Art. 1, Reglamento de JASAP, aprobado el 9 de agosto de 1989.

En todo procedimiento apelativo ante JASAP, por ser de naturaleza adjudicativo formal, se le salvaguardaran a las partes los derechos a: notificación oportuna de los cargos o reclamos; a presentar evidencia; a una adjudicación imparcial; y que la decisión sea basada en el expediente. Sec. 3.1 Ley

de Procedimiento Administrativo Uniforme; Ley Núm. 170 del 12 de agosto de 1988 (LPAU); 3 L.P.R.A. sec. 2151; *Pagán Ramos v. F.S.E.*, opinión de 31 de enero de 1992, **92 J.T.S. 13**, pág. 9181. Se ha reconocido entre estas garantías que una parte afectada tiene derecho a refutar la evidencia sometida en su contra ya que, de lo contrario, el derecho a vista no tendría sentido alguno. *López Santos v. Asociación de Taxis,* opinión de 16 de diciembre de 1996, **96 J.T.S. 161**, pág. 401; *López v. Junta de Planificación,* 80 D.P.R. 646, 670 (1958).

Reiteradamente se ha establecido que el debido proceso de ley no es un molde rígido que prive de flexibilidad a los organismos administrativos, pero requiere un proceso justo y equitativo que respete la dignidad de los individuos afectados. *Rodríguez v. Tribunal Superior,* 104 D.P.R. 335, 340 (1975); *Vélez Ramírez v. Romero Barceló,* 112 D.P.R. 716, 730 (1982).

El Tribunal Supremo ha manifestado una clara tendencia a favor de la divulgación de información pública a los ciudadanos. *Dávila v. Superintendente de Elecciones,* 82 D.P.R. 264, 281 (1960); *Sierra v. Tribunal Superior,* 81 D.P.R. 554, 576-577 (1959). No obstante, ese derecho no es absoluto y puede ser limitado si el Estado demuestra que existe un interés apremiante que así lo justifique. *Soto v. Srio. de Justicia,* 112 D.P.R. 477, 495 (1982).

Se ha indicado que un ciudadano tiene derecho a examinar ante un foro administrativo un informe sobre su persona, que fue el fundamento principal para una decisión en su contra. A tales fines, previo a ordenarse divulgación, debe considerarse las consecuencias sobre la vida privada y seguridad de terceras personas que ofrecen la información bajo principios de confidencialidad, de manera que éstas no se vean afectadas. *López Vives v. Policía de P.R.,* 118 D.P.R. 219, 230-234 (1987).

Si bien es cierto que el Estado puede levantar los privilegios de confidencialidad ante un procedimiento administrativo, para que éste prevalezca, debe demostrar la existencia de un interés apremiante de mayor jerarquía que el derecho de libertad de información a los ciudadanos. Reglas 31 y 32 de las Reglas de Evidencia, 32 L.P.R.A. Ap. VI; *Santiago v. Bobb y El Mundo, Inc.,* 117 D.P.R. 153, 162 (1984).

Cónsono con los principios de derecho antes esbozados, concluimos, que la parte recurrente tiene un derecho para apelar ante JASAP la decisión de rechazar su solicitud de examen para puesto de guardia cadete de la Policía. Para tales propósitos, en este caso, es necesario que se le notifique las razones específicas para tal dictamen y que ésta pueda mediante el examen del informe prepararse adecuadamente para impugnarlo. Por otro lado, el Estado, según lo ha reclamado, tiene un interés apremiante de mantener bajo confidencialidad las partes del informe relacionadas con la identidad de los informantes, de manera que se le garantice su seguridad personal.

Ante tales circunstancias y haciendo un balance de intereses, resolvemos que la recurrente, para prepararse adecuadamente para su posible apelación, tiene derecho a tener acceso limitado al contenido del informe confidencial, salvaguardando previamente la identidad y seguridad de los informantes según lo solicitado por la Policía.

### III
Por los anteriores fundamentos, se expide el auto de revisión judicial y se revoca la determinación de JASAP. Se devuelve el caso a dicho foro con instrucciones que le provea acceso a la recurrente al informe en cámara, protegiendo previamente sus fuentes, la identidad y seguridad de los informantes según lo solicitado. Deberá ser apercibida la recurrente, so pena de desacato, de no divulgar el contenido del informe, excepto para fines de su impugnación en los foros pertinentes.

Lo acordó y manda el Tribunal y lo certifica la Secretaria General.

Aida Ileana Oquendo Graulau
Secretaria General